PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. COOK, | ) | |
| | ) | CASE NO. 4:21CV0766 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 2, 3, 4, 5, 8, 10, 12, |
| Defendants. | ) | and 13] |

*Pro Se* Plaintiff Anthony L. Cook, a federal inmate incarcerated at FCI Elkton ("Elkton"), filed this *Bivens*[1] action against the Federal Bureau of Prisons ("BOP"); Michael Carvajal, Director of the BOP; and, Warden Mark K. Williams. Plaintiff seeks monetary relief and release from prison. *See* Complaint (ECF No. 1).

### I. Background

Plaintiff contends in the Complaint (ECF No. 1) that his incarceration at Elkton places him in danger of contracting COVID-19. Cook states that he has asthma and, on some days, has difficulty breathing, for which he uses an inhaler. Plaintiff also claims that he has not received his flu shot, has not seen a doctor in nine months, has not had his teeth cleaned in one and one-half years, and his exposure to secondhand cigarette smoke is causing his breathing difficulty. He appears to allege that he qualifies for home confinement under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act").

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:21CV0766)

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at * (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

(4:21CV0766)

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Analysis

#### A. *Bivens* claim

Plaintiff filed this civil rights complaint against federal employees. Therefore, this action is brought pursuant to *Bivens, supra*. See *Sullivan v. United States*, 90 Fed.Appx. 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action when plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*). *Bivens* provides a cause of action against federal officials acting under color of federal law for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-55 (2017).

As an initial matter, Plaintiff cannot bring a *Bivens* action against a federal prison. *Bivens* provides a limited cause of action against individual federal officers alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States government or any of its agencies, including the BOP and any of the federal prisons under its control. *Id.*; see *FDIC v. Meyer*, 510 U.S. 471,

3

(4:21CV0766)

484-86 (1994); *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003) (stating that a federal prisoner cannot bring a *Bivens* action against the BOP). Additionally, Plaintiff cannot pursue a claim against the individual defendants to the extent that they are sued in their official capacities. *Malesko,* 534 U.S. at 70; *Meyer,* 510 U.S. at 484-86; *Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir. 1991).

Although a *Bivens* claim can be brought against individuals in their individual capacity, there are no allegations in the Complaint (ECF No. 1) against Director Carvajal or Warden Williams. A plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode,* 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth,* No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint (ECF No. 1) contains no facts which reasonably associate Director Carvajal or Warden Williams to any of the purported actions upon which this complaint is based. And when a person is simply named as a defendant without a factual allegation of specific misconduct, the complaint fails to state a plausible claim for relief. *Darby v. May*, No. 1:19CV2827, 2020 WL 1514602, at *2 (N.D. Ohio March 30, 2020) (Nugent, J.) (citing *Gilmore v. Corr. Corp. of Am.*, 92 Fed.Appx. 188, 190 (6th Cir. 2004)).

Moreover, to the extent Director Carvajal and Warden Williams were sued in their individual capacities as supervisors, the doctrine of respondeat superior cannot provide the basis for liability in a *Bivens* action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978). In order for liability to attach to a supervisor, a plaintiff must prove that the supervisor played

(4:21CV0766)

more than a passive role in the alleged violations or showed mere tacit approval of the actions of employees. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (1989)). And Plaintiff has not alleged any facts suggesting these defendants condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct. *Okoro*, 63 Fed.Appx. at 184 (citing *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)).

Nonetheless, even if Plaintiff had sufficiently alleged specific conduct against the named defendants, Plaintiff fails to state a claim upon which relief may be granted.

### B. Eighth Amendment

Plaintiff appears to allege that his incarceration at Elkton is a violation of his constitutional rights, as he is in fear of catching COVID-19. He also appears to allege that Defendants have violated his constitutional rights by allowing exposure to secondhand smoke and by providing inadequate medical care. Although Plaintiff does not cite a constitutional basis for these claims, the Court will liberally construe them as arising under the Eighth Amendment.

The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. CONST. amend. VIII. " '[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).

The Eighth Amendment therefore imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346

(4:21CV0766)

(1981). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This protection, however, does not mandate that a prisoner be free from discomfort or inconvenience during his incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (citing *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999).

In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but it does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (stating that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation") (internal citation and quotation marks omitted); *Rhodes*, 452 U.S. at 347 (stating that routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society").

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (citing *Helling, supra*;

6

(4:21CV0766)

*Wilson, supra*; *Estelle v. Gamble*, 429 U.S. 97 (1976)). To state a claim under the Eighth Amendment's deliberate indifference framework, a prisoner must demonstrate both objective and subjective components. *Farmer*, 511 U.S. at 834; *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).

The Supreme Court in *Wilson v. Seiter*, set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. 501 U.S. at 298. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred (objective component of claim). *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.

A plaintiff must also establish the subjective element of an Eighth Amendment claim by showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* The subjective component requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 844.

7

(4:21CV0766)

In the context of a claim regarding medical treatment, an inmate must show the prison officials acted with deliberate indifference to the inmate's medical needs. *Estelle*, 429 U.S. at 103-104. Prison officials show a deliberate indifference to a prisoner's medical needs if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). The inmate must allege that the medical need at issue is "sufficiently serious." *Farmer*, 511 U.S. at 834. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.' " *Sarah v. Thompson*, 109 Fed.Appx. 770, 771 (6th Cir.2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997)). And when a prisoner has received some medical attention, "and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

### 1. COVID-19

Regarding COVID-19, Plaintiff states that COVID-19 "hit the [BOP] and Elkton like a hurricane[ ]," Elkton has been on lockdown due to the number of people affected by COVID-19, and Plaintiff is in fear he can catch COVID-19. ECF No. 1 at PageID #:6. Plaintiff then asserts that he suffers from various ailments such as asthma and lung disease. ECF No. 1 at PageID #: 6-8. The Complaint (ECF No. 1) includes documents concerning his informal complaints about the number of bunks in a prison cubicle and a document filed in this Court in another case, *Wilson v. Williams*, No. 4:20CV0794 (N.D. Ohio filed April 13, 2020) (Gwin, J.) addressing Elkton's response to COVID-19. *See* ECF Nos. 1-1, 1-2, and 1-3.

(4:21CV0766)

Plaintiff's purported general allegation that COVID-19 is rampant at Elkton and he lives in fear of catching the virus, which may be heightened because of his underlying medical conditions, is insufficient to support a constitutional deliberate indifference claim against Defendants in this case. Although the risk of getting COVID-19 is arguably and objectively a serious condition, Plaintiff has not alleged any facts suggesting that either Director Carvajal or Warden Williams knew he faced a substantial risk of serious harm and nonetheless disregarded that risk by failing to take reasonable measures to abate it.

Moreover, the Sixth Circuit has previously examined the conditions at Elkton in the context of an action under 28 U.S.C. § 2241 and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). In *Wilson*, the Sixth Circuit held that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton;" and, therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840. The Court also found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" for prisoners at Elkton, including medically vulnerable inmates, did "not constitute deliberate indifference" within the meaning of the Eighth Amendment "[i]n light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844.

In light of the Sixth Circuit's decision in *Wilson*, the Complaint (ECF No. 1), which asserts essentially the same claims related to COVID-19 conditions at Elkton, lacks merit on its

9

(4:21CV0766)

face.  Because the Sixth Circuit in *Wilson* has already considered an essential part of Plaintiff's claim in a case against the same defendants named herein—based on the same facts alleged in the within Complaint (ECF No. 1)—and published an opinion holding that Defendants would likely prevail, the Complaint (ECF No. 1) as it relates to COVID-19 does not allege a colorable claim of deliberate indifference under the Eighth Amendment.

### 2.  Secondhand Smoke

Plaintiff alleges that he has been in prison for over seven years and has been exposed to secondhand smoke "[a]ll day and all night long," which causes breathing difficulty and the need to use his inhaler more frequently.  ECF No. 1 at PageID #: 8.  To the extent he claims Director Carvajal and Warden Williams acted with deliberate indifference, his claim is unavailing.

In the context of an inmate's claim that his exposure to secondhand smoke is a violation of the Eighth Amendment, the inmate must establish that he has a serious medical need for a smoke-free environment, *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992), or that regardless of health, the level of environmental tobacco smoke in the prison creates an unreasonable risk of serious damage to his future health.  *Helling*, 509 U.S. at 35.

Even if the Court assumes that Plaintiff's asthma or the need to use his inhaler frequently constitutes a serious medical need for a smoke-free environment, Plaintiff has failed to allege any facts suggesting Director Carvajal or Warden Williams knew he faced a substantial risk of serious harm in being exposed to the smoke and disregarded that risk by failing to take reasonable measures to abate it.  Therefore, Plaintiff has failed to allege that the defendants were deliberately indifferent to his purported need for a smoke-free environment.

(4:21CV0766)

### 3. Medical Treatment or Care

Plaintiff also appears to allege that he has generally received inadequate medical care while incarcerated. He complains that he has not yet received his 2020-2021 flu shot, has not seen a doctor in nine months, and has not had his teeth cleaned in one and a half years. *See* ECF No. 1 at PageID #: 7.

In evaluating a deliberate indifference claim concerning medical care or treatment, courts distinguish between cases in which the complaint alleges a complete denial of medical care and those cases when a prisoner claims he received inadequate medical treatment. *Westlake*, 537 F.2d at 860 n.5; *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). When a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Westlake*, 537 F.2d at 860 n.5. It is possible, however, for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

Assuming that Plaintiff has demonstrated a "sufficiently serious medical need," *i.e.*, "one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (emphasis added)), he has satisfied the objective component of deliberate indifference. Plaintiff, however, has failed to allege facts suggesting Director Carvajal or Warden Williams recklessly disregarded a substantial risk to his health.

(4:21CV0766)

"Ordinary medical malpractice does not satisfy the subjective component" of a medical deliberate indifference claim. Grose v. Corr. Med. Servs, Inc., 400 Fed.Appx. 986, 988 (6th Cir. 2010). And a "a difference of opinion between [an inmate] and the prison health care providers and a dispute over the adequacy of [the inmate's] treatment . . . does not amount to an Eighth Amendment claim." Apanovitch v. Wilkinson, 32 Fed.Appx. 704, 707 (6th Cir. 2002) (citations omitted).

Here, the Complaint (ECF No. 1) suggests Plaintiff has received some treatment for his medical conditions at least nine months ago (or longer for the dentist). He complains, however, that he is not being seen by a doctor or a dentist frequently enough. Cook's complaint is, therefore, nothing more than a difference of opinion between Plaintiff and his medical providers regarding the type of care he is receiving. At most, the Complaint (ECF No. 1) alleges negligence. Plaintiff alleges no facts suggesting that Director Carvajal or Warden Williams were deliberately indifferent to his health.

**C. The CARES Act**

Plaintiff appears to seek release to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020). To that extent, the Court lacks the authority to order his release.

The BOP has the sole authority to determine the place of an inmate's confinement. United States v. Mattice, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020) (citing 18 U.S.C. §§ 3621(b) and 3624(c)(2)); *see also* United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("the authority to grant home confinement remains

12

(4:21CV0766)

solely with the Attorney General and the BOP."). The BOP also has the authority to permit an inmate to serve the end of a term of incarceration in a community correctional facility or residential reentry center ("RRC"), such as a halfway house, for a period not to exceed twelve months, or to place an inmate on home confinement for the shorter of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(1) and (2). This authority was expanded under the CARES Act, § 12003(b)(2), which provides that "[d]uring the covered emergency period . . . the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code."

The BOP, however, still has the sole authority to decide whether home confinement under the CARES Act is appropriate. *See Woods v. Bureau of Prisons*, No. 0:20-115-KKC, 2020 WL 5919671, at *2 (E.D. Ky. Oct. 6, 2020). "While the CARES Act allows the [BOP] to 'lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement,' it does not give courts the authority to grant home confinement requests." *Id.* (quoting § 12003(b)(2) of the CARES Act); *see also United States v. Ralston*, No. 3:13-CR-105-CRS, 2020 WL 2600976, at *1 (W.D. Ky. May 21, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement"); *United States v. Black*, No. 2:12-CR-263-3, 2020 WL 2213892, at *1 (S.D. Ohio May 7, 2020) (district court does not have the authority to dictate home confinement placements to the BOP under the CARES Act).

(4:21CV0766)

Therefore, the Court has no authority under the CARES Act to order the BOP to place Plaintiff on home confinement.

### IV. Conclusion

In light of the foregoing, Plaintiff has failed to state a claim upon which relief may be granted, and the Complaint (ECF No. 1) is dismissed under 28 U.S.C. § 1915A. As the docket indicates Plaintiff paid the filing fee in this case, his Motion to Proceed *In Forma Pauperis* (ECF No. 2) is denied as moot because the docket indicates Plaintiff paid the filing fee in this case. In addition, Plaintiff's Motions for Medical Treatment and for Hearing (ECF No. 3), Motion [for] Default Judgment (ECF No. 4), Motion to Seal[ ] the Case (ECF No. 5), Motion to Collect on Defendants (ECF No. 8), Motion for Final Judgment (ECF No. 10), Motion for a Good-Faith Release (ECF No. 12), and Motion for Summary Judgment (ECF No. 13) are denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| December 21, 2021 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |